IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG 19 2020
CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| RAY SARABIAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:19-CV-954-A |
| | § | |
| HALLIBURTON LOGGING SERVICES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUN OPINION AND ORDER

Came on for consideration the motion of defendant, Halliburton Energy Services, Inc., which says it has been incorrectly identified as Halliburton Logging Services, for summary judgment. The court, having considered the motion, the response of plaintiff, Ray Sarabian,[1] the reply, the record, and applicable authorities, finds that the motion should be granted.

I.

Plaintiff's Claims

The operative pleading is plaintiff's amended complaint filed December 23, 2019. Doc.[2] 11. In it, plaintiff alleges: He was hired by Gearhart Industries on June 1, 1979, as a petroleum engineer and worked for that company until July 1987 when

---

[1] The response is titled "Objection to Defendants [sic] motion for summary Judgment."
[2] The "Doc. ___" reference is to the number of the item on the docket in this case.

defendant bought the company and took over. At at the time of his employment, a pension plan was discussed. "The plan was that the amount of money that is being deposited from plaintiff's pay check with the company every month, the company would deposit the same amount toward the retirement plan." Id. at 1. Exhibit 1 to the amended complaint shows an example of plaintiff's contribution to the plan.

Plaintiff seeks to recover the money defendant owes him under the plan. He also refers to the "Deceptive Trade Practices Act."[3] The court has previously interpreted the amended complaint to assert a claim under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461 ("ERISA"). Doc. 17.

II.

Grounds of the Motion

Defendant asserts three grounds in support of its motion. First, it is not a proper party to plaintiff's denial of benefit claims. Second, plaintiff has no evidence to support his claims. And, third, plaintiff's DTPA claim is preempted by ERISA.

---

[3] The court interprets the reference to be to the Texas Deceptive Trade Practices-Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41 to 17.63 (West 2011) ("DTPA").

III.

Summary Judgment Principles

Rule 56(a) of the Federal Rules of Civil Procedure provides that the court shall grant summary judgment on a claim or defense if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The movant bears the initial burden of pointing out to the court that there is no genuine dispute as to any material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986). The movant can discharge this burden by pointing out the absence of evidence supporting one or more essential elements of the nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. Id. at 324; see also Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the

3

nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 597 (1986). In Mississippi Prot. & Advocacy Sys., Inc. v. Cotten, the Fifth Circuit explained:

> Where the record, including affidavits, interrogatories, admissions, and depositions could not, as a whole, lead a rational trier of fact to find for the nonmoving party, there is no issue for trial.

929 F.2d 1054, 1058 (5th Cir. 1991).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law.[4] Celotex Corp., 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. Matsushita, 475 U.S. at 597; see also Mississippi Prot. & Advocacy Sys., 929 F.2d at 1058.

---

[4] In Boeing Co. v. Shipman, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), the Fifth Circuit explained the standard to be applied in determining whether the court should enter judgment on motions for directed verdict or for judgment notwithstanding the verdict.

IV.

Analysis

Where, as here, the plaintiff seeks to recover benefits under an ERISA plan, the proper defendant is the one who controls administration of the plan. LifeCare Mgmt. Servs. LLC v. Ins. Mgmt. Admins. Inc., 703 F.3d 835, 845 (5th Cir. 2013). The burden is on the plaintiff to establish the existence of the plan and that the party he sues had control over the plan. Experience Infusion Ctrs. LLC v. AAA Tex. LLC, No. 4:19-CV-01692, 2020 WL 1915633, at *3 (S.D. Tex. Apr. 20, 2020). Here, plaintiff has made no attempt to do either. There is no proof that a plan exists or that defendant had control over it.

For all of the reasons defendant recites, plaintiff cannot prevail on his claims. Doc. 47 at 13-17. He has no written evidence other than the document attached as an exhibit to his amended complaint to show the existence of a plan. That document is an Internal Revenue Service statement for recipients of total distributions from profit-sharing, retirement plans and individual retirement arrangements, which reflects that in 1982 plaintiff received a 100% distribution of $1,428.53, includible as income on his tax return. Doc. 11, Ex. A. The document reflects that the payer was Gearhart Industries Employee Trust Plan. Id. Plaintiff admits that he has no other documents

5

showing that he was ever a part of any Gearhart retirement plan; there was no written agreement for the alleged plan; he never saw or asked for a written document; he does not know any of the terms of the plan, such as the age at which he would be eligible for benefits; and, he never received any statements for the plan. Plaintiff has no records and no idea how much he contributed to the plan or how much he should receive from it. Plaintiff admits that he was never an employee of defendant. And, contrary to the allegations in his complaint, he admits that he worked for Gearhart from 1979 until September 28, 1982, and from May 1987 until June 1988. The record establishes that defendant acquired Gearhart and closed the acquisition in November 1988. Defendant has no records regarding plaintiff and no records regarding any Gearhart retirement plan, which it would have if it had administered any such plan.

In sum, there is no evidence to establish the existence of the plan to which plaintiff refers and no evidence that defendant administered such plan, even if one existed. If plaintiff had an ERISA claim, his DTPA claim would be preempted. See Hogan v. Kraft Foods, 969 F.2d 142, 144-45 (5th Cir. 1992); Boren v. NL Industries, Inc., 889 F.2d 1463, 1466 (5th Cir. 1989). In any event, plaintiff has not come forward with any evidence to establish a DTPA claim against defendant. There is

simply no evidence of any relationship between the two that would give rise to such claim.

V.

Order

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted; that plaintiff take nothing on his claims against defendant; and that such claims be, and are hereby, dismissed with prejudice.

SIGNED August 19, 2020.

JOHN McBRYDE
United States District Judge